UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| AHOUEFA DAHOUI,<br><br>Plaintiff,<br><br>v.<br><br>KATY BROWN; WHOLE BODY RESEARCH (also known as GOLDEN CARE); and FNU SPENCER,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO DISMISS ACTION PURSUANT TO 28 U.S.C. § 1915**<br><br>Case No. 2:23-cv-00748<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Ahouefa Dahoui, proceeding without an attorney and without paying the filing fee, filed this action against Katy Brown, Whole Body Research (also known as Golden Care), and FNU Spencer.[1] After screening Ms. Dahoui's complaint under 28 U.S.C. § 1915(e)(2)(B) and identifying deficiencies, the court invited Ms. Dahoui to file an amended complaint[2] and noted that failure to do so could result in a recommendation to dismiss this action.[3] Ms. Dahoui did not file an amended complaint by the deadline in the court's order or anytime thereafter. Because Ms. Dahoui's complaint fails to state a plausible claim for relief and further

---

[1] (*See* Compl., Doc. No. 5.)

[2] (*See* Mem. Decision and Order to File Am. Compl., Doc. No. 9.)

[3] (*Id.* at 11.)

1

opportunities to amend would be futile, the undersigned[4] recommends the district judge dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## LEGAL STANDARDS

When a court authorizes a party to proceed without paying a filing fee, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[5] In making this determination, the court uses the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[6] To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[7] The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[8] But the court need not accept a plaintiff's conclusory allegations as true.[9] "[A] plaintiff must offer specific factual allegations to support each

---

[4] This case was referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (*See* Doc. No. 7.)

[5] 28 U.S.C. § 1915(e)(2)(B)(ii).

[6] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[7] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[8] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

claim."[10]  This court also has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[11]

Because Ms. Dahoui proceeds without an attorney (pro se), her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[12] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[13] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[14]  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements,"[15] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[16]

---

[10] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[11] *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks omitted).

[12] *Hall*, 935 F.2d at 1110.

[13] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

[14] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[15] *Hall*, 935 F.2d at 1110.

[16] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

## ANALYSIS

Ms. Dahoui's complaint consists of a form civil rights complaint and a series of narrative "memos" attached.[17] Because Ms. Dahoui's pleadings are liberally construed, and attachments to a complaint may be considered in determining whether it states a plausible claim for relief,[18] all these documents are considered in evaluating the sufficiency of her claims. As explained below, because Ms. Dahoui fails to state a claim over which this court has jurisdiction, the undersigned recommends dismissal.

Ms. Dahoui states Golden Care hired her as a customer service agent on January 28, 2019.[19] After her employer required everyone to work from home in March 2020, Ms. Dahoui alleges she experienced a high-frequency noise in her headphones that persisted even when she switched headphones.[20] Ms. Dahoui also states her computer monitor did not have a way to dim its brightness, which strained her eyes.[21] Ms. Dahoui asserts her employer's failure to fix these problems gave her "nerve problems[,] pinching ner[ves], 24 [hour] pain, depression, mental health [problems], and limitation[s] in [her] daily life."[22] She alleges she complained to human resources and, eventually, the Millcreek Precinct of the Unified Police Department about the

---

[17] (*See* Ex. 1 to Compl., Memos, Doc. No. 5-1.)

[18] *See Smith*, 561 F.3d at 1098 ("In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference." (citation omitted)).

[19] (Memos, Doc. No. 5-1 at 1.)

[20] (*Id.*)

[21] (*Id.*)

[22] (Compl., Doc. No. 5 at 5.)

issues, but her complaints were ignored.[23] Ms. Dahoui states she has visited urgent care, the emergency room, hospitals, and clinics to address her pain.[24] Ms. Dahoui alleges she is "half disable[d]," and she has headaches, neck pain, and nerve problems.[25]

Although the precise nature of Ms. Dahoui's claims are unclear, various possibilities based on Ms. Dahoui's factual allegations are addressed below, such as failure to accommodate, wrongful termination, discrimination, violation of leave laws, civil rights violations, and state tort-law claims. However, none of Ms. Dahoui's assertions are sufficient to state a claim. In addition, as explained below, Ms. Dahoui fails to properly allege facts supporting subject-matter jurisdiction for any personal injury tort claim. Finally, it is unclear what claims are being asserted against which defendants.

First, to the extent Ms. Dahoui attempts to raise a claim under the Americans with Disabilities Act ("ADA"),[26] she fails to explain what claim she brings in relation to this alleged disability. Where Ms. Dahoui highlights her employer's failure to provide her with a headset or screen that does not give her pain,[27] she seems to be making a claim for failure to accommodate. To state a failure to accommodate claim under the ADA, Ms. Dahoui needed to allege facts showing (1) she is a qualified individual with a disability; (2) the employer was aware of her

---

[23] (Memos, Doc. No. 5-1 at 1–2.)

[24] (*Id.* at 3.)

[25] (Compl., Doc. No. 5 at 5–6.)

[26] 42 U.S.C. §§ 12101 *et seq.*

[27] (*See* Memos, Doc. No. 5-1 at 1.)

disability; and (3) the employer failed to reasonably accommodate her disability.[28] Ms. Dahoui fails to state a claim for failure to accommodate because she does not allege she is disabled within the meaning of the statute,[29] nor does she substantively address the other elements. To the extent Ms. Dahoui instead alleges her employer caused her to become disabled, the ADA does not provide a cause of action for such a claim.[30] In addition, to bring a claim under the ADA, Ms. Dahoui must first exhaust her remedies before the Equal Employment Opportunity Commission ("EEOC").[31]

The nature of Ms. Dahoui's next claim is not entirely clear. She states Whole Body Research "failed to respect its own policies and violated workplace environment requirements."[32] But Ms. Dahoui does not identify what policies or workplace requirements her employer violated, how they were violated, or how any alleged violation constitutes a legally cognizable injury. Ms. Dahoui also asserts wrongful termination, arguing her "medical insurance was terminated while ongoing medication."[33] A federal "wrongful termination claim" typically involves an employee being wrongfully terminated by an employer.[34] But Ms. Dahoui

---

[28] *Allen v. SouthCrest Hosp.*, 455 F. App'x 827, 836 n.2 (10th Cir. 2011) (unpublished).

[29] *See* 42 U.S.C. § 12102(1)(A) (defining disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual").

[30] *See* 42 U.S.C. §§ 12101 *et seq.*

[31] *Jones v. UPS, Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007)

[32] (Memos, Doc. No. 5-1 at 4.)

[33] (Compl., Doc. No. 5 at 3.)

[34] To bring a wrongful termination claim under the ADA, Ms. Dahoui needed to allege (1) she "is disabled within the meaning of the ADA"; (2) she "can perform, either with or without reasonable accommodation, the essential functions of the desired job"; and (3) her employer

does not make these assertions and, in any case, she fails to state whether she brings this claim under federal law or state labor regulations.  Moreover, she fails to identify a factual basis for a wrongful termination claim.

      Ms. Dahoui also mentions a "discrimination" claim, stating her employer "made [her] pick up or answer[] more calls without [a] break."[35]  Elsewhere, she alleges a coworker told her she "helped customers like a 'ghetto person.'"[36]  To the extent Ms. Dahoui seeks to bring a discrimination claim under Title VII of the Civil Rights Act,[37] she fails to state a claim.  To bring a Title VII discrimination claim, Ms. Dahoui must show (1) she belongs to a protected class;[38] (2) she suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination.[39]  But Ms. Dahoui does not allege facts showing she is a member of a protected class under Title VII, or that she suffered an adverse employment action, or on what basis her employer discriminated against her.  Moreover,

---

terminated her because of her disability. *Bartee v. Michelin N. Am., Inc.*, 374 F.3d 906, 912 n.4 (10th Cir. 2004).  As explained above, ADA claims carry a requirement that Ms. Dahoui first exhaust her remedies with the EEOC before bringing suit in federal court.

[35] (Compl., Doc. No. 5 at 4.)

[36] (Memos, Doc. No. 5-1 at 5.)

[37] 42 U.S.C. §§ 2000e *et seq.*

[38] *See* 42 U.S.C. § 2000e-2 (noting employers may not discriminate against employees based on "race, color, religion, sex, or national origin").  Ms. Dahoui does not state the basis for her discrimination claim.

[39] *EEOC v. PVNF, LLC*, 487 F.3d 790, 800 (10th Cir. 2007)

Ms. Dahoui must exhaust her administrative remedies with the EEOC before pursuing a Title VII claim in federal court.[40]

Ms. Dahoui next alleges she was denied benefits under the Family and Medical Leave Act ("FMLA").[41] To the extent Ms. Dahoui seeks to challenge this denial, she fails to state a claim. To state a claim against her employer based on interference with her FMLA rights, Ms. Dahoui must allege (1) she was entitled to FMLA leave; (2) some adverse action by her employer interfered with her right to take FMLA leave; and (3) the employer's action was related to the exercise or attempted exercise of her FMLA rights.[42] Ms. Dahoui does not assert facts in support of any of these elements or even allege her employer is subject to FMLA.[43] This is insufficient to state a claim under FMLA.

Ms. Dahoui used a pro se civil rights complaint form, indicating she is bringing the case under 42 U.S.C. §§ 1983 and 1985,[44] but her allegations fail to state a claim under either statute. She fails to allege a "deprivation of a federal right by . . . a person acting under color of state

---

[40] *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

[41] (Memos, Doc. No. 5-1 at 1); *see* 28 U.S.C. §§ 2601 *et seq*.

[42] *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1180 (10th Cir. 2006).

[43] *See* 29 U.S.C. § 2611(4)(A)(i) (noting FMLA only applies to employers who employ fifty or more employees for twenty workweeks in a calendar year).

[44] (Compl., Doc. No. 5 at 1.)

law" as required to state a claim under § 1983.[45] And she fails to allege facts supporting any conspiracy to interfere with civil rights under § 1985.[46]

To the extent Ms. Dahoui alleges state-law tort claims against the defendants,[47] she has not shown the court has original jurisdiction over such claims.[48] As it stands, Ms. Dahoui's complaint does not adequately allege diversity jurisdiction as required by 28 U.S.C. § 1332. For the court to have diversity jurisdiction, the amount in controversy must exceed $75,000[49] and the parties must be completely diverse.[50] Where Ms. Dahoui's damages are unspecified and she has not alleged diversity of citizenship, she fails to allege facts sufficient to establish diversity jurisdiction.

---

[45] *Watson v. Kan. City*, 857 F.2d 690, 694 (10th Cir. 1988).

[46] *See* 42 U.S.C. § 1985; *Archuleta v. City of Roswell*, 898 F. Supp. 2d 1240, 1247 (D.N.M. 2012).

[47] (*See* Memos, Doc. No. 5-1 at 4, 5, 7 ("Spencer used cyber-attack to kill me.") ("Spencer really tried to kill me.") ("Goldencare tried to kill me by using cyber-attack."); Civil Cover Sheet, Doc. No. 5-2 (indicating Ms. Dahoui is bringing personal injury and "neglect" claims).)

[48] Because tort claims against private actors—such as personal injury claims against private actors—arise from state law, not federal law, they must be brought in state court unless a federal court has a basis for jurisdiction over the claims (for example, diversity or supplemental jurisdiction). *Cf. Fletcher v. Summit Food*, No. 18-cv-1220, 2020 U.S. Dist. LEXIS 75194, at *8 (D.N.M. Apr. 29, 2020) (unpublished) ("To the extent the Complaint raises any state law claims for . . . torts, those claims will be dismissed without prejudice. Plaintiff must re-file those claims in [state court] to obtain relief.").

[49] *See* 28 U.S.C. § 1332(a).

[50] *See id.*; *McPhail v. Deere & Co.*, 529 F.3d 947, 950 (10th Cir. 2008) (stating diversity requires "the citizenship of all defendants must be different from the citizenship of all plaintiffs").

Finally, it is unclear what claims Ms. Dahoui seeks to assert against which defendants. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[51] Ms. Dahoui fails to identify which defendant did what and why each defendant's actions give rise to a cause of action.

Because Ms. Dahoui's complaint fails to state any plausible claim for relief, the complaint must be dismissed.[52] "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give [her] an opportunity to amend."[53] The court previously identified the deficiencies described above and permitted Ms. Dahoui to amend her complaint to correct them,[54] but she failed to do so. Therefore, further opportunities to amend would be futile, and dismissal is necessary.

## RECOMMENDATION

Where Ms. Dahoui's complaint fails to state a plausible claim for relief and further opportunities to amend would be futile, the undersigned RECOMMENDS the district judge dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B). The court will send this Report and Recommendation to Ms. Dahoui, who is notified of her right to object to it. Any objection must

---

[51] *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007).

[52] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[53] *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

[54] (*See* Mem. Decision and Order to File Am. Compl., Doc. No. 9.)

be filed within fourteen days of service.[55] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 11th day of March, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[55] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).